

04-4831.051-JCD February 25, 2005

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

DAVID POWELL, )
Plaintiff, )
v. ) No. 04 C 4831
CARRIE HOUTSMA, )
Defendant. )

**MEMORANDUM OPINION**

Before the court is defendant's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the motion is granted.

**BACKGROUND**

This is an action brought by pro se plaintiff David Powell against his former landlord, Carrie Houtsma. The thrust of the complaint is that defendant terminated plaintiff's month-to-month tenancy because plaintiff complained about the living conditions.

The following facts, drawn from the complaint and the exhibits attached, are taken as true for purposes of this motion. For nearly twelve years, until mid-2004, plaintiff rented a home at 1612 186th Street in Lansing, Illinois from defendant. According to plaintiff, his living conditions were such that the home was practically uninhabitable: the bathroom facilities did not function for months at a time, so that plaintiff had to use the bathroom at

a gas station down the street; the well water supply was contaminated; and the hot water heater was broken for several weeks. In addition, plaintiff complains that the bathroom was not adequately outfitted for his "injuries and di[s]ability status." (Complaint at 1.) (Plaintiff attaches to the complaint a letter he received from the United States Railroad Retirement Board (the "Board"), which states that the Board has determined that plaintiff meets the requirements for a disability annuity. The letter does not supply any specifics about the disability, nor does the complaint.)

Attached to the complaint is a "Notice of Termination of Tenancy" (the "Notice") dated July 1, 2004. The Notice informed plaintiff that defendant was terminating plaintiff's monthly tenancy, effective August 1, 2004. Plaintiff alleges that the termination was in retaliation for his demand that defendant remedy the living conditions.

On July 23, 2004, plaintiff filed the complaint, which contains a host of claims, including allegations that defendant's conduct violated the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. (the "ADA"). Plaintiff seeks $250,000.00 in damages.

On July 28, 2004, plaintiff filed a document entitled "Plaintiff's Additional Charges." Plaintiff claims that on July 26, 2004, one of defendant's employees "harass[ed]" him and "trespass[ed] on the Plaintiff's rental residence." We will

consider the filing as an amendment to plaintiff's complaint. Defendant has moved to dismiss the complaint, and we will consider defendant's motion to dismiss as being directed to the complaint as amended.

**DISCUSSION**

**A. Plaintiff's "Notice of Removal"**

Before addressing defendant's motion, we must address the "Notice of Removal" filed by plaintiff on August 23, 2004. The document is entitled "Defendant's Notice of Removal" even though it is filed by the plaintiff in this action, 04 C 4831. Apparently, plaintiff chose that label for the filing because Houtsma filed an eviction action in the Circuit Court of Cook County shortly after plaintiff filed the complaint in the instant action. The "Notice of Removal" constitutes plaintiff's attempt to remove the eviction action to this court.

It does not appear that the "Notice of Removal" was successful in actually removing the state-court eviction action to this court. The Notice was filed by the clerk of this court simply as a document in the instant action and was not treated as a separate action removed from state court (most likely because plaintiff filed the "removal" document under the case number of the instant case). The state-court docket similarly does not reflect that the eviction action was removed to this court. In any event, even if the "Notice of Removal" had been treated as a removal of the

eviction action, we would have remanded the action as improperly removed. Plaintiff's contention that the ADA provides grounds for removal of the eviction action to federal court is incorrect. Plaintiff is or was the defendant in the eviction action and evidently raises the ADA as a defense in that case.[1] The complaint in the eviction action does not state a federal claim, and a federal defense to a state claim does not provide a basis for removal. See Fedor v. Cingular Wireless Corp., 355 F.3d 1069, 1071 (7th Cir. 2004).

**B. Defendant's Motion to Dismiss**

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to resolve the case on the merits. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 354 (3d ed. 2004). When evaluating such a motion, the court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. Hentosh v. Herman M. Finch Univ. of Health Sciences, 167 F.3d 1170, 1173 (7th Cir. 1999). Dismissal is appropriate only if "'it is clear that no relief could be granted under any set of facts that could be proved consistent with the

---

[1] The status of the state-court action is unclear. The last docket entry simply states "strike from the call--allowed." In addition, plaintiff evidently has moved out of the house, because now he refers to the house as his "former residence." (Letter from David Powell to the Court, Feb. 10, 2005.)

allegations.'" Ledford v. Sullivan, 105 F.3d 354, 356 (7th Cir. 1997) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

The court has a special responsibility to construe a pro se complaint liberally and to "take appropriate measures to permit the adjudication of pro se claims on the merits, rather than to order their dismissal on technical grounds." Donald v. Cook County Sheriff's Dep't, 95 F.3d 548, 555 (7th Cir. 1996); see also Castillo v. Cook County Mail Room Dep't, 990 F.2d 304, 307 (7th Cir. 1993) (stating that a pro se complaint, "however inartfully pleaded," should be liberally construed). Accordingly, when reviewing a pro se complaint, the court must employ standards less stringent than if the complaint had been drafted by counsel. Antonelli v. Sheahan, 81 F.3d 1422, 1427 (7th Cir. 1996).

Defendant contends that plaintiff fails to state a claim under the ADA and that we should decline to exercise supplemental jurisdiction over plaintiff's state law claims. Plaintiff has not filed a response to defendant's motion; instead, he has sent the court a letter, dated February 10, 2005, indicating that he is "still waiting for the water quality testing results" with respect to his former rental residence. Those test results, however, have no relevance to the question of whether the complaint states any sort of federal claim. (Again, we take the allegations in the complaint as true for purposes of deciding a motion to dismiss.) We proceed, then, to consider defendant's motion.

We must first attempt to ascertain precisely what federal claims plaintiff is bringing. The only federal statutes referred to in the complaint are the ADA and the Civil Rights Act of 1964. As for the Civil Rights Act, plaintiff prays for relief under "The Civil Rights Act of 1964, 42 U.S.C. 2000a-3(a)." (Complaint at 4.) 42 U.S.C. § 2000a-3(a) is a remedial, not substantive, provision incorporated by the ADA in 42 U.S.C. § 12188 that allows citizen suits for preventive relief--not damages--for disability discrimination. So, even if plaintiff were seeking preventive relief and not simply damages, the reference to the Civil Rights Act leads us to the question of whether plaintiff states an ADA claim.

Plaintiff alleges that defendant retaliated against him and in so doing violated 42 U.S.C. § 12203. Section 12203 states: "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." Plaintiff relies on the "[opposition to] any act or practice made unlawful by this chapter" portion of this provision because there is no allegation that he made a charge, testified, assisted, or participated in an investigation, proceeding, or hearing.

Assuming that plaintiff has adequately alleged that he "opposed" defendant's conduct for ADA purposes, the next question is whether plaintiff has alleged facts indicating that he opposed any act or practice *made unlawful by the ADA*. Plaintiff contends that he complained to defendant that the bathroom facilities in his former rental house were "inaccessible" and failed to comply with several federal regulations implementing the ADA pertaining to handrails and grab bars, bathtubs, and shower units.

The problem for plaintiff is that the ADA provisions and regulations he relies upon apply only to places of public accommodation. See 42 U.S.C. § 12182. 42 U.S.C. § 12181(7) contains a list of private entities that are considered public accommodations; a private home is not one of them. Cf. Welsh v. Boy Scouts of Am., 993 F.2d 1267, 1274 (7th Cir. 1993) (stating that "[a] private home is not the type of facility governed under Title II [of the Civil Rights Act of 1964]", a parallel provision to Title III of the ADA that defines "public accommodation" similarly to, but in a less expansive fashion than, the ADA). Therefore, plaintiff fails to state a claim for retaliation under the ADA because the facts alleged do not indicate that he opposed any act or practice made unlawful by the ADA. Because the

complaint does not state a viable federal claim, we have no federal question jurisdiction.[2]

The complaint also contains a litany of alleged violations of state law (with few or no accompanying factual allegations), among them violation of the Illinois Retaliatory Eviction Act, 765 ILCS 720/0.01; violation of the Illinois Hazardous Materials Emergency Act, 430 ILCS 50/0.01; violation of the Illinois Uniform Hazardous Substances Act, 430 ILCS 35/2-18, 35/2-19; violation of the Illinois Rental Property Utility Service Act, 765 ILCS 735/1.2, 735/1.3; and fraudulent misrepresentation. Plaintiff also alleges that defendant violated various sections of the Illinois Administrative Code, the Village of Lansing Building Code, and "BOCA," a uniform building code for state and local governments.

Pursuant to 28 U.S.C. § 1367(c)(3), we are permitted to decline to exercise supplemental jurisdiction over a state-law claim if we have dismissed all claims over which we have original jurisdiction. In this circuit, "the general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." Kennedy v. Schoenberg, Fisher & Newman, Ltd., 140 F.3d 716, 727 (7th Cir. 1998). Having resolved the federal questions in this action, we decline to exercise

---

[2] Nor do we have diversity jurisdiction because at the time the complaint was filed (and perhaps now as well), plaintiff and defendant were both Illinois citizens.

supplemental jurisdiction over the state-law claims asserted by plaintiff.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss the complaint is granted. Because it does not appear that plaintiff would be able to successfully amend the complaint to state a federal claim, this cause will be dismissed with prejudice. (The dismissal is without prejudice to the refiling of the state law claims in state court.)

DATE: February 25, 2005

ENTER: ______________________________

John F. Grady, United States District Judge